IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50065
Summary Calendar

_____


PHILIP SANDOVAL, JR.,

                              Plaintiff-Appellant,

                    versus

MR. HOUSTON,

                              Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CV-36
- - - - - - - - - -
November 3, 1997

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

     Philip Sandoval, Jr., Texas inmate #600528, appeals the dismissal of his civil rights complaint for failure to prosecute. If necessary, this court must sua sponte examine the basis of its jurisdiction. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Sandoval's request for a certificate of probable cause is construed as a timely notice of appeal from the denial of his motion for reconsideration. See Mosely, 813 F.2d at 660 (quoting Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir. 1974)); see also Smith v. Barry,

_____

     [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

502 U.S. 244, 247-49 (1992) (document that is the functional equivalent of a notice of appeal required under Fed. R. App. 3 is sufficient).

The court construed Sandoval's December 6, 1996, motion as one for reconsideration but did not designate under which rule of civil procedure it fell. December 5, 1996, was the last day for Sandoval to file a timely motion under Fed. R. Civ. P. 59(e). See Fed. R. Civ. P. 6(a); 59(e). His motion for reconsideration was filed on December 6, 1996, one day late. Sandoval certified, in compliance with 28 U.S.C.§ 1746, that he mailed the pleading to counsel of record on November 30, 1996. Under Houston v. Lack, 487 U.S. 266, 276 (1988), as well as Fed. R. App. P. 4(c), the motion is construed as a Rule 59(e) motion.

A district court may sua sponte dismiss an action for failure to comply with any court order. Fed. R. Civ. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). A sua sponte dismissal by the district court is reviewed for abuse of discretion. Id. In the instant case, the district court did not specify that the dismissal was without prejudice; therefore, the dismissal "operates as an adjudication upon the merits," i.e., dismissal with prejudice. Rule 41(b). Such a dismissal is "an extreme sanction" which operates as an adjudication on the merits and "is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process [such that] the court [has] no choice but to deny that plaintiff its benefits." McNeal v.

Papasan, 842 F.2d 787, 790 (5th Cir. 1988)(internal quotation and citation omitted).  Dismissal with prejudice is the ultimate sanction for a litigant and should be imposed only after full consideration of the likely effectiveness of less stringent measures.  Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir. 1984).

A Rule 41(b) dismissal with prejudice should be affirmed if the "case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." McNeal, 842 F.2d at 790.  Contumacious conduct is "`stubborn resistance to authority'" and justifies a dismissal with prejudice. Id. at 792 (citation omitted).

The instant case does not disclose a clear record of delay or contumacious conduct by Sandoval.  He amended his complaint to provide the defendant's full name and address.  The court's dismissal was not based on Sandoval's delay but simply on inactivity over a three-month period.  Sandoval effected service on the defendant, and no activity occurred after August 16, 1996, probably because the defendant had not yet answered.  Thus, the district court's dismissal is VACATED and the case REMANDED for further proceedings.

Sandoval asks this court to appoint counsel for him. Inasmuch as his lawsuit is not complex and does not present exceptional

circumstances, his motion is DENIED.  See <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).